# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. BATOR, et al.,

    Plaintiffs,

 vs.

SISKIYOU COUNTY, et al.,

    Defendants.

_____/

No. 2:16-CV-2073-GEB-CMK

FINDINGS AND RECOMMENDATIONS

       Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court are the following unopposed motions: (1) Motion to Dismiss (Doc. 8) filed by defendants Hon. Laura Masunaga, Hon. Joann Bicego, and Virginia Rhea ("judicial defendants"); and (2) Motion to Dismiss (Doc. 12) filed by defendants Siskiyou County, Siskiyou County Health and Human Services, Judy Carter, Suzanne Hogue, and Alix Byrd ("county defendants").

/ / /

/ / /

/ / /

/ / /

/ / /

1  This action proceeds on the original complaint filed on August 30, 2016.[1] The
2  judicial defendants argue that the complaint must be dismissed as to them because they are
3  entitled to judicial and quasi-judicial immunity.  The judicial defendants also argue that the entire
4  complaint is barred by the Rooker-Feldman abstention doctrine.  The county defendants argue
5  that the complaint should be dismissed because it contains no federal claims and remand to state
6  court would be futile.

7  Judges are absolutely immune from damage actions for judicial acts taken within
8  the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)
9  (per curiam).  This immunity is lost only when the judge acts in the clear absence of all
10 jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity
11 even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,
12 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are
13 accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).
14 This immunity extends to the actions of court personnel when they act as "an integral part of the
15 judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

16 The judicial defendants are a state Superior Court judge, a Commissioner, and a
17 court investigator.  Plaintiffs' allegations against these defendants all relate to defendants'
18 official conduct.  Therefore, the judicial defendants are immune.

19 Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to
20 hear matters already decided in state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413
21 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine
22 applies in cases "brought by state court losers complaining of injuries caused by state court
23 judgments rendered before the district court proceedings commenced and inviting district court
24 review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp.,

---

[1] Because plaintiffs paid the filing fee, the complaint was not subject to screening by the court prior to service.

544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgments (such as habeas corpus, for example).

Here, a review of the complaint reflects that all of plaintiffs' claims arise from their dissatisfaction with the results of state court child custody proceedings. This court should abstain.

Finally, the court agrees with the county defendants that it lacks subject matter jurisdiction to entertain this suit. Plaintiffs allege subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which confers original jurisdiction in the district court for any civil action for damages resulting from violation of civil rights guaranteed by the United States Constitution or protected by federal law. Plaintiffs however, allege no facts which would suggest any such violations. Rather, the few factual allegations contained in the complaint all relate to state court proceedings. Moreover, each of the more than 650 "counts" set forth in the complaint cites a provision of state law. The complaint contains to reference to any legal theory of damages cognizable under federal law. Though plaintiffs cite 42 U.S.C. §§ 1983 and 1985 in the caption of the complaint, none of the "counts" references these federal statutes and the complaint is devoid of facts consistent with violations of those statutes.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, the undersigned recommends that:

1. The judicial defendants' unopposed motion to dismiss (Doc. 8) be granted;

2. The county defendants' unopposed motion to dismiss (Doc. 12) be granted; and

3. This action be dismissed in its entirety with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE